# CIRCUIT COURT OF ROCKINGHAM COUNTY

Iva Richards

v.

Hazel M. Reed
and Anna Keller

April 4, 2012

Case No. CL 11-66

By Judge James V. Lane

The matters before the Court are Plaintiff's Motion in Limine — Recorded Statement of Iva Richards, filed with the Court on December 8, 2011, and Defendant's Motion in Limine to Exclude Evidence, Testimony, or Any Suggestion of Hazel Reed Receiving a Traffic Citation From the Subject Accident, filed with the Court on February 16, 2012. The Court held a hearing on these motions on March 12, 2012. After reviewing what is before the Court, after hearing argument by counsel, and after having researched the issues, the Court finds as follows.

In Plaintiff's Motion in Limine, the plaintiff moves to have the Court exclude a recorded statement made by the plaintiff on August 22, 2008. The recorded statement pertains to the automobile accident that occurred on January 3, 2008, involving the parties. The recorded statement was subsequently reduced to writing in the form of a transcript. The plaintiff argues that the Court should exclude the recorded statement based on Va. Code Ann. § 8.01-404.

Two recent cases decided by the Supreme Court of Virginia address Va. Code Ann. § 8.01-404 and its application to the situation currently before the Court. In *Ruhlin v. Samaan*, 282 Va. 371, 718 S.E.2d 447 (2011), the Supreme Court stated the following with respect to this issue:

> Code § 8.01-404 prohibits the use of certain types of prior inconsistent writings to contradict a witness in a personal injury action. It provides as follows:
> A witness may be cross-examined as to previous statements made by him in writing or reduced into writing, relative to the subject

matter of the civil action, without such writing being shown to him. . . . This section is subject to the qualification, that, in an action to recover for a personal injury or death by wrongful act or neglect, no *ex parte* affidavit or statement in writing other than a deposition, after due notice, of a witness and no extrajudicial recording made at any time other than simultaneously with the wrongful act or negligence at issue of the voice of such witness, or reproduction or transcript thereof, as to the facts or circumstances attending the wrongful act or neglect complained of, shall be used to contradict him as a witness in the case.

*Id.* at 378 (citation omitted). The Supreme Court indicated that the purpose of the qualification set forth in Va. Code Ann. § 8.01-404:

was to correct an unfair practice which had developed, by which claim adjusters would hasten to the scene of an accident and obtain written statements . . . [that] were neither full nor correct and were signed by persons who had not fully recovered from shock and hence were not in full possession of their faculties. Later, such persons, when testifying as witnesses, would be confronted with their signed statements and . . . these statements would be introduced in evidence as impeachment of their testimony given on the witness stand.

*Id.* (citation omitted). "Accordingly, Code § 8.01-404 prevents the impeachment of a witness by use of an affidavit, statement, or transcript made after an accident but before trial." *Id.* However, the Supreme Court made clear that Va. Code Ann. § 8.01-404 does not " 'prohibit the proof of prior inconsistent statements by oral testimony,' even when such statements were reduced to writing and signed by the witness." *Id.* (citation omitted). "Otherwise, an interested litigant, at any time between the occurrence of the accident and the trial, could reduce to writing a prior hostile statement of any witness and thus prevent this form of impeachment of such witness." *Id.*

In *Ruhlin*, the Supreme Court held that the defendant could cross-examine the plaintiff regarding the content of a recorded telephone conversation that had been reduced to writing. *Id.* at 379. According to the Supreme Court, "Code § 8.01-404 only prohibits the use of a written statement itself to directly impeach a witness. The fact that the conversation with the insurance company was reduced to writing did not prevent [the defendant] from attempting to prove the inconsistencies in [the plaintiff's] claims by questioning him about the oral statements he made." *Id.* The Supreme Court also made clear that, "[t]he act of refreshing a witness's recollection does not involve contradicting that witness's testimony." *Id.*

Another recent decision by the Supreme Court of Virginia on this issue is *Gray v. Rhoads*, 268 Va. 81, 597 S.E.2d 93 (2004). In *Gray*, the Supreme Court stated the following:

> The opening phrase of Code § 8.01-404 states that "[a] witness may not be *cross-examined* as to previous statements made by him in writing or reduced into writing, relative to the subject matter of the civil action, without such writing being shown to him." We have held that this opening portion of a prior version of the statute "applies only to the cross-examination of a witness . . . and not to an examination in chief of one's own witness." The statute then sets out the steps that must be followed "if it is intended to *contradict* such witness by the writing." The use of prior written statements to contradict a witness is, however, made subject to the prohibition at issue here, "in an action to recover for a personal injury or death by wrongful act . . . no extrajudicial recording of the voice of such witness, or reproduction or transcript thereof . . . shall be used to *contradict* him as a witness in the case."
>
> The plain terms of Code § 8.01-404 limit the application of the prohibition at issue to those situations where a prior written statement is used to "contradict" a witness.

*Id.* at 88-89 (citations omitted). Discussing its ruling in *Gray*, the Supreme Court stated the following in *Ruhlin*: "[W]e held that Code § 8.01-404 did not preclude the introduction of a witness's prior written statement as a party admission in a plaintiff's case-in-chief because, at that point in the trial, the statements were not being used to `contradict' the witness." *Ruhlin*, at 379. According to the Supreme Court, "the history of the statute, `as well as the language used, clearly indicates that the provisions of the statute are confined to the contradiction of a witness by the introduction of a prior inconsistent statement in writing'." *Gray*, at 89.

Based on the case law discussed above and what is currently before the Court, the Court does not find sufficient basis to exclude the recorded statement at issue in this case. While there are limitations on how the recorded statement can be used at trial, the Court will not exclude the recorded statement at this time. The parties may object during trial should any party attempt to use the recorded statement in an impermissible manner.

In Plaintiff's Motion in Limine, the plaintiff asks for the Court to sever the proceedings should the Court deem the statement admissible as evidence. The Court previously ruled during the hearing on March 12, 2012, that the proceedings would not be severed. The Court once again finds that there is not a sufficient basis upon which to sever the proceedings.

The defendant filed a Motion in Limine seeking to exclude any evidence, testimony, or any suggestion of Hazel Reed receiving a traffic citation

from the subject accident. Va. Code Ann. § 8.01-418 only allows a traffic infraction to be admitted into a civil matter where a party has pleaded guilty, nolo contendere, or suffered a forfeiture. In this case, Hazel Reed pleaded not guilty. Based on what is before the Court, the Court finds that the defendant's motion should be granted.

Accordingly, the Court denies Plaintiff's Motion in Limine — Recorded Statement of Iva Richards. While there are restrictions on how the recorded statement can be used at trial, the recorded statement should not be excluded at this time. The parties can raise objections at trial according to the manner in which the written statement is actually used by the parties. In addition, the Court grants Defendant's Motion in Limine to Exclude Evidence, Testimony, or Any Suggestion of Hazel Reed Receiving a Traffic Citation from the Subject Accident.